IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERLINE BRANDS, INC., LINX LTD., and WATTS WATER TECHNOLOGIES, INC.,<br><br>　　　　Defendants. | 4:13CV3037<br><br>MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

　　State Farm Fire and Casualty Company a/s/o James Langtry (State Farm) filed a two-count complaint against Interline Brands, Inc. (Interline), Watts Water Technologies, Inc. (Watts Water Technologies), and Linx Ltd. (Linx) on or about January 22, 2013. (See Notice of Removal, Ex. A, Compl., ECF No. 1-1.) Acting jointly, Interline and Linx filed an answer to the complaint on March 1, 2013, (ECF No. 8), and a motion for summary judgment on April 30, 2013, (ECF No. 22). On May 23, 2013, State Farm filed a "Motion to Dismiss Specific Defendants Without Prejudice." (ECF No. 25.) This motion contains a single substantive paragraph stating,

　　　　COME [sic] NOW the Plaintiff . . . and hereby dismisses the above cause of action without prejudice with regard to Interline Brands, Inc. and Linx Ltd. This Dismissal shall not be construed as an admission against any interests of the Plaintiff herein and its cause of

1

action will continue forward as to the remaining Defendant.

(Id. (emphasis omitted).) State Farm did not file a brief in support of its motion, and it has not otherwise responded to Interline's and Linx's motion for summary judgment.

In response to State Farm's motion to dismiss, Interline and Linx argue that State Farm cannot dismiss its claims against them without a court order, and that the dismissal should be with prejudice. (Defs.' Response at 1, ECF No. 26.) They add that as an alternative to dismissal with prejudice, I should include in the order of dismissal "a finding that Plaintiff is to pay all of the attorney fees and costs incurred by Defendants Interline Brands, Inc. and Linx Ltd. in the present action if Plaintiff brings another action against either or both Interline Brands, Inc. and Linx Ltd. based on or including the same claim against these Defendants and to stay any new proceedings until the plaintiff has complied pursuant to Federal Rule of Civil Procedure 41(d)." (Id. at 2.) Interline and Linx do not state the amount of the fees and costs that they have incurred in this action, however.

"Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of actions at the plaintiff's request." Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995). In certain circumstances, a plaintiff may dismiss its action without a court order under Rule 41(a)(1)(A). In the instant case, however, Interline and Linx have already served an answer and a motion for summary judgment, and the parties have not all signed a stipulation of dismissal. Thus, State Farm must obtain an order of dismissal under Rule 41(a)(2). See Fed. R. Civ. P. 41(a)(1)(A), (2).

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). When determining whether to grant a Rule 41(a)(2) motion, a court

should consider the plaintiff's explanation for the need to take a dismissal, the effort and expense put forth by the defendants in preparing for trial, whether there has been excessive delay and a lack of diligence on the part of the plaintiff in prosecuting the case, and whether the defendants have filed a motion for summary judgment. Paulucci, 826 F.2d at 783. See also Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci, 826 F.2d at 782.

"Under Rule 41(a)(2), dismissals sought by the plaintiff are without prejudice unless the district court's order specifies otherwise." Jaramillo, 59 F.3d at 79. "Thus, Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice." Id. (citations omitted). "When a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, however, the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation." Id. (citations omitted). "Otherwise, the district court would deny the plaintiff the option of trying the case on the merits, because unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation." Id. (citation omitted).

"In granting a motion for voluntary dismissal, district courts typically impose the condition that [the] plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." Belle-Midwest, Inc. v. Missouri Property & Casualty Insurance Guarantee Association, 56 F.3d 977, 978-79 (8th Cir. 1995). Moreover, "under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon [the] plaintiff's payment of costs and attorney's

3

fees if the case is refiled." Id. (citing Kern v. TXO Production Corp., 738 F.2d 968, 972 (8th Cir. 1984)).

After due consideration, I find that State Farm's claims against Interline and Linx should be dismissed without prejudice on the following condition: State Farm must pay the attorney's fees and costs reasonably incurred by Interline in defending this action before either or both of its claims may be refiled against Interline; similarly State Farm must pay the attorney's fees and costs reasonably incurred by Linx in defending this action before either or both of its claims may be refiled against Linx. The particular sum (or sums) owed will be determined in accordance with this court's local rules and other applicable law after Interline and/or Linx files an application for the award. See, e.g., NECivR 54.3 and 54.4. Failure to file a prompt application may be deemed a waiver of the condition of dismissal.

**IT IS ORDERED** that:

1. State Farm's motion to dismiss, (ECF No. 25), is granted in part. State Farm's claims against Interline Brands, Inc. and Linx Ltd. are dismissed without prejudice, subject to the condition set forth in the memorandum accompanying this order.

2. Interline Brands, Inc.'s and Linx Ltd.'s motion for summary judgment, (ECF No. 22), is denied as moot.

Dated July 3, 2013.

BY THE COURT

_/s/ Warren K. Urbom_

Warren K. Urbom
United States Senior District Judge