IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of,<br><br>Plaintiff,<br><br>v.<br><br>WATTS WATER TECHNOLOGIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:13CV3037<br><br><br>MEMORANDUM AND ORDER ON DEFENDANTS' APPLICATION FOR ATTORNEY FEES AND EXPENSES |

On January 22, 2013, State Farm Fire and Casualty Company a/s/o James Langtry (State Farm) filed a two-count complaint against Interline Brands, Inc. (Interline), Watts Water Technologies, Inc. (Watts Water Technologies), and Linx Ltd. (Linx). (See Notice of Removal, Ex. A, Compl., ECF No. 1-1.) On July 3, 2013, I granted State Farm's motion to dismiss its claims against Interline and Linx without prejudice, subject to the following condition:

> State Farm must pay the attorney's fees and costs reasonably incurred by Interline in defending this action before either or both of its claims may be refiled against Interline; similarly State Farm must pay the attorney's fees and costs reasonably incurred by Linx in defending this action before either or both of its claims may be refiled against Linx. The particular sum (or sums) owed will be determined in accordance with this court's local rules and other applicable law after Interline and/or Linx files an application for the award. See, e.g., NECivR 54.3 and 54.4. Failure to file a prompt application may be deemed a waiver of the condition of dismissal.

1

(Mem. & Order on Pl.'s Mot. for Voluntary Dismissal & Defs.' Mot. for Summ. J. at 4, ECF No. 28.)

On July 17, 2013, Interline and Linx filed an application for attorney fees and expenses. (ECF No. 29.) Interline and Linx state that the "reasonable value" of their attorneys' services is $7,385.00, and that the reasonable value of their expenses is $350. (Id. ¶¶ 9-10.) In support of their application, Interline and Linx have submitted time sheets and affidavits indicating that attorney Brian D. Nolan performed 1.6 hours of work at a rate of $155 per hour, for a total fee of $248; that attorney Julie A. Martin performed 32.4 hours of work at a rate of $155 per hour, for a total fee of $5022; and that attorney Kathryn L. Hartnett performed 4.3 hours of work at a rate of $140 per hour, for a total fee of $602. (See Application for Attorney's Fees, Exs. 1-4, ECF Nos. 29-1 to 29.4.) These documents provide me with sufficient information to analyze the fee application, see, e.g., NECivR 54.4, and I find that the number of hours and the hourly rates listed by the attorneys are reasonable. I also note that State Farm has not objected to the fee application. Nevertheless, the documents support a total attorney fee award of $5,872, not $7,385. Also, because Interline and Linx have failed to submit any documentation in support of their request for costs, their request for costs must be denied.

In summary, I find that before State Farm may refile its claims against Interline and Linx, it must pay attorney fees to these defendants in the total amount of $5,872. I emphasize that this amount becomes due only if State Farm elects to refile its claims against Interline and Linx. There has been no showing that State Farm intends to do so, and therefore Interline and Linx are not entitled to recover the award at this time.

**IT IS ORDERED** that Interline's and Linx's application for attorney's fees and expenses, (ECF No. 29), is granted in part. State Farm may not refile its claims

against either Interline or Linx without first paying at total sum of $5,872 to these defendants.

    Dated September 9, 2013.

                  BY THE COURT

_____

                    Warren K. Urbom
                    United States Senior District Judge